UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

IN ADMIRALTY



AQUAVITA INTERNATIONAL S.A.,

Plaintiff,

v.

Civil Action No. 4:12cv 2

C TRANSPORT PANAMAX BV,

Defendant.

### EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

Having reviewed and considered the Motion for Issuance of Process of Maritime Attachment and Garnishment of Plaintiff AQUAVITA INTERNATIONAL S.A. and Plaintiff's Verified Complaint, together with the Attorney Declaration that Defendant cannot be found in the District, and finding that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist, it is:

**ORDERED**, that the Clerk of the Court issue Process of Maritime Attachment and Garnishment pursuant to Rule B directing the United States Marshal for the Eastern District of Virginia to attach on board the M/V SEAGUARDIAN such bunkers and other tangible or intangible assets as may be the property of: Defendant C TRANSPORT PANAMAX BV, and to garnish any tangible or intangible personal property of the Defendant possessed on behalf of, or for the benefit of Defendant, in the custody or control of the Vessel owners or agents or the Master of the M/V SEAGUARDIAN; and

**ORDERED**, that during the period of attachment of the bunkers onboard the Vessel, the Master of the MV SEAGUARDIAN is permitted to allow normal cargo operations, both

1

discharging and loading, repair works, and to shift berths, always remaining within the Eastern District of Virginia, and within this Court's jurisdiction, but at the risk and expense of the vessel's interests; and

**ORDERED**, that the Clerk shall issue further, supplementary writs of maritime attachment and garnishment, on request of the Plaintiff; and

**ORDERED**, that the bunkers aboard the M/V SEAGUARDIAN and any other tangible or intangible property in the hands of the garnishees and attached pursuant to this Order, may be released from seizure without the necessity of further orders of this Court, provided that the Marshal, competent substitute custodian or garnishee receives written authorization to do so from the attorney who requested the attachment and garnishment, stating that he has conferred with all attorneys representing parties to the litigation, and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order.

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to order upon application of the Court, be entitled to a prompt hearing in which Plaintiff shall be required to show why the attachment or garnishment should not be vacated or other relief granted; and

**ORDERED**, that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment.

**ORDERED**, that Plaintiff shall hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom

they are responsible, from any and all liability or responsibility for claims that shall arise from the possession and safekeeping of the bunkers onboard the Vessel.

/s/ Arenda L. Wright Allen
United States District Judge

Enter: January 3rd, 2012
Norfolk, Virginia